UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WAYNE RHYMER,

           Plaintiff,

    v.

CLAYTON COUNTY SHERIFF'S
OFFICE,

           Defendant.

CIVIL ACTION NO.
1:22-CV-2616-JPB

## ORDER

This matter is before the Court on a number of motions:  the Clayton County Sheriff's Office ("Defendant") Motion to Dismiss [Doc. 5]; Wayne Rhymer's ("Plaintiff") Motion for Reconsideration [Doc. 10]; Defendant's Motion to Strike [Doc. 13]; Defendant's Motion to Dismiss [Doc. 17]; Plaintiff's Motion to Strike Defendant's Motion to Dismiss/Motion to Stay [Doc. 18]; and Plaintiff's Motion for Default Judgment [Doc. 22].  This Court finds as follows:

### FACTUAL HISTORY

On May 26, 2021, Clayton County Sheriff's Deputies arrested Plaintiff for alleged criminal trespassing at the Clayton County Sheriff's Office.  [Doc. 2, p. 6]. Plaintiff asserts that he had an appointment at the Sheriff's Office but was asked to return at a later time and, when he did, was arrested.  Id.  Plaintiff contends that in

the course of the arrest, he was "accosted by a group of deputies, forcefully pinned to the ground . . . and antagonized by the assaulting deputy" before being "strapped down to a wheelchair while being harassed and antagonized." Id. at 6–7.  Plaintiff was released that same day.  Id. at 7.  He asserts that the arrest was without probable cause and that he suffered loss of liberty and business opportunities, damage to his personal and professional reputation, emotional distress and physical damage as a result of the encounter.  Id.  Plaintiff also alleges that he served requests on Defendant under the Georgia Open Records Act and the federal Freedom of Information Act to obtain information related to his arrest.  Id. Plaintiff claims that, despite sending three to four open records requests, Defendant never produced the requested documents.  Id. at 9.

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed suit against Defendant on May 4, 2022, in the Superior Court of Clayton County, Georgia, [Doc. 1-1], later amending his complaint on June 2, 2022 (the "First Amended Complaint"), [Doc. 2].  The First Amended Complaint brings the following claims:

- Count I, violation of the Fourth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983;
- Count II, malicious prosecution, O.C.G.A. §§ 51-7-2, 51-7-40;
- Count III, negligence;

- Count IV, violations of the Georgia Open Records Act, O.C.G.A. § 50-18-72;
- Count V, false arrest, O.C.G.A. § 51-7-1;
- Count VI, lack of probable cause, O.C.G.A. § 51-7-3;
- Count VII, false imprisonment, O.C.G.A. § 16-5-41;
- Count VIII, false imprisonment by several persons, O.C.G.A. § 51-7-22;
- Count IX, exploitation or intimidation of disabled adult, O.C.G.A. § 16-5-102;
- Count X, trafficking of disabled adult, O.C.G.A. § 16-5-102.1;
- Count XI, assault under color of office, O.C.G.A. § 45-11-3;
- Count XII, unprofessional conduct, O.C.G.A. § 45-11-4; and
- Count XIII, entrapment, O.C.G.A. § 16-3-25.

See [Doc. 2]. Defendant removed the action to this Court on June 30, 2022, pursuant to 28 U.S.C. § 1441. [Doc. 1].

Defendant moved to dismiss the First Amended Complaint on July 5, 2022. [Doc. 5]. Defendant simultaneously moved to stay discovery pending resolution of the Motion to Dismiss. [Doc. 6]. The Court granted the Motion to Stay on July 27, 2022, and stayed discovery. [Doc. 7]. On August 1, 2022, Plaintiff filed another amended complaint (the "Second Amended Complaint").[1] [Doc. 8]. The Second Amended Complaint purports to name new defendants, namely Clayton County, the Sheriff of Clayton County and Clayton County Sheriff's Deputies. See id. at 1. Also on August 1, 2022, Plaintiff filed a Motion for Reconsideration

---

[1] This was Plaintiff's second time amending his complaint but his first time doing so in this Court.

of the Court's July 27, 2022 Order staying discovery.  [Doc. 10].  Defendant

moved to strike, [Doc. 13], and dismiss, [Doc. 17], the Second Amended

Complaint on August 15, 2022.  Below, the Court considers in turn the Motion to

Dismiss the First Amended Complaint and the Motions to Strike and Dismiss the

Second Amended Complaint.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true,

and the reasonable inferences therefrom are construed in the light most favorable

to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir.

1999).  In determining whether an action should be dismissed for failure to state a

claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must

contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  Although detailed factual allegations are not necessarily

required, the pleading must contain more than "'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting

Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se* in this action, the Court has an obligation to "liberally construe" his pleadings.  Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). *Pro se* litigants must still comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).  As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Id.

## ANALYSIS

### A.    Motion to Dismiss the First Amended Complaint

Defendant moves to dismiss the First Amended Complaint on the grounds that it (the Clayton County Sheriff's Office) is not a legal entity capable of being sued.  The Eleventh Circuit Court of Appeals has held that "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'"  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted) (quoting Fed. R. Civ. P. 17(b)).  Under Georgia law, a Sheriff's department—such as the named defendant in this case—is not a legal entity

capable of being sued.  Myers v. Clayton Cnty. Dist. Att'y's Off., 849 S.E.2d 252,

256 (Ga. Ct. App. 2020).  As the Georgia Court of Appeals explained in Myers,

> while a county is subject to suit, police departments, as mere arms of
> such governments, are not generally considered legal entities capable
> of being sued.  Put another way, the Clayton County Police
> Department functions as part of the legal entity of Clayton County,
> but it is not a separate legal entity capable of suing or being sued.

Id. (citations omitted).  Because Defendant is not a legal entity capable of being

sued, the First Amended Complaint is due to be dismissed.  See, e.g., Lovelace v.

DeKalb Central Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (holding that the

district court properly dismissed claims against the DeKalb County Police

Department because it was not a legal entity subject to suit under Georgia law).

## B.    Motions to Strike and Dismiss the Second Amended Complaint

Defendant filed a Motion to Strike and a Motion to Dismiss Plaintiff's

Second Amended Complaint.  See [Doc. 13]; [Doc. 17].  Because both Motions

present similar arguments (that the Second Amended Complaint was untimely,

filed without leave of Court or Defendant's consent and improperly adds new

parties), the Court will address them together.

Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend

his complaint once as a matter of course within twenty-one days after service of a

motion under Rule 12(b).  Otherwise, the plaintiff must seek leave of court to

amend.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  Defendant's Motion to Dismiss the First

Amended Complaint was filed on July 5, 2022.  <u>See</u> [Doc. 5].  Plaintiff's Second

Amended Complaint was filed on August 1, 2022, outside the twenty-one day

limitation.  <u>See</u> [Doc. 8].  Plaintiff did not seek leave of court prior to filing the

amendment and did not obtain Defendant's consent.  It was therefore improperly

filed.

     As noted previously, Plaintiff is *pro se*, and the Court must therefore

construe his pleadings liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

In this posture, even though Plaintiff's "amended complaint was filed improperly,

striking it in its entirety would be [an] improper remedy."  <u>Black v. Bank of Am.,</u>

<u>N.A.</u>, No. 1:15-CV-2339, 2016 WL 11570392, at *2 (N.D. Ga. Jan. 8, 2016).  In

fact, "[t]he Eleventh Circuit has specifically held that *pro se* litigants should be

held to a less stringent standard with respect to their right to amend a complaint,

even despite a failure to move for amendment."  <u>Id.</u> (citing <u>Lee v. Alachua County</u>,

461 F. App'x 859, 860 (11th Cir. 2012)).  The Court will therefore construe the

Second Amended Complaint as if it contained a motion seeking leave to amend

and, "Plaintiff's failure to comply with the requirements of Rule 15(a)

notwithstanding," will "consider the [Second Amended Complaint] to determine

whether leave would have been granted had it been sought."  <u>McCloud v. HSBC</u>

Bank USA, No. 1:12-CV-3301, 2013 WL 12063900, at *2 (N.D. Ga. Apr. 18, 2013).[2]

Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted complaint might state a claim," Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019), "unless the plaintiff expresses a desire not to amend or an amendment would be futile," Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).  "In other words, the question is whether 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'"  L.S., ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1332 (11th Cir. 2020) (quoting Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004)).  The Court will thus consider whether the

---

[2] Defendant also argues that the Second Amended Complaint—which names new parties—fails to comply with Federal Rule of Civil Procedure 21.  Rule 21 provides that the Court "may at any time, on just terms, add or drop a party" upon a "motion or on its own."  Fed. R. Civ. P. 21.  Because "[t]he standard for deciding a motion for leave to file an amended complaint to add a new party is the same under either Rule 15(a) or Rule 21," the Court proceeds with its analysis and does not further address Defendant's Rule 21 argument.  Wood v. Lanier Collection Agency & Serv., Inc., No. CV421-102, 2021 WL 5864009, at *1 (S.D. Ga. Aug. 18, 2021) (citing Loggerhead Turtle v. Cnty. Council of Volusia Cnty., 148 F.3d 1231, 1255 (11th Cir. 1998)).

Second Amended Complaint states a claim to relief or whether it is subject to dismissal.

By and large, the Second Amended Complaint is similar to the First Amended Complaint.  It contains the same factual allegations and the same thirteen counts.  As noted earlier, the First Amended Complaint fails to state a claim because the only named defendant, the Clayton County Sheriff's Department, is not an entity subject to suit under Georgia law.  The Second Amended Complaint, however, adds new parties in the caption:  Clayton County, the Clayton County Sheriff, the Clayton County Acting Sheriff and an unspecified number of unnamed Clayton County Sheriff's Deputies.  See [Doc. 8, p. 1].  Plaintiff references these parties in the complaint but does not describe them in any detail.  See id. at 6. Even if some of these new parties are properly subject to suit—unlike the named defendant in the First Amended Complaint—the Court finds that amendment would nonetheless be futile for the reasons set forth below.

First, Plaintiff brings four claims (Counts VII, IX, X and XIII) under criminal statutes that do not provide a private right of action.  See Anthony v. Am. Gen. Fin. Servs., Inc., 697 S.E.2d 166, 172 (Ga. 2010) (holding that a criminal statute must expressly authorize a private right of action); see also, e.g., Smith v. Chemtura Corp., 676 S.E.2d 756, 763 (Ga. Ct. App. 2009) (concluding that no civil

liability exists for a claim of false imprisonment under O.C.G.A. § 16-5-41);

Phelps v. T-Mobile USA, Inc., No. 1:20-CV-4102, 2021 WL 6113734, at *6 (N.D.

Ga. Aug. 6, 2021) (reviewing Georgia law and finding no private right of action

under O.C.G.A. § 16-5-102).  These claims are thus subject to dismissal.

Three of Plaintiff's other claims (Counts VI, XI and XII) do not state a

proper claim to relief.  O.C.G.A. § 51-7-3 (the basis for Count VI) merely provides

a definition for the lack of probable cause, the remedy for which is a claim for false

arrest or malicious prosecution.[3]  See Fleming v. U-Haul Co. of Ga., 541 S.E.2d

75, 77 (Ga. Ct. App. 2000) ("Where criminal process, valid on its face, has been

maliciously sued out without probable cause, an action for malicious arrest or

malicious prosecution is the only authorized remedy.").  Counts XI and XII purport

to bring claims under O.C.G.A. §§ 45-11-3 and 45-11-4, but the Second Amended

Complaint names only county officials as defendants.  Section 45 of the Official

Code of Georgia applies "only to actions commenced by or against state officers in

their official capacity and shall not relate or apply to actions commenced by or

against municipal, district, or county officers."  O.C.G.A. § 45-1-2(c).  Therefore,

in total, seven of Plaintiff's claims (Counts VI and VII and Counts IX–XIII) are

subject to dismissal on the basis of futility.

---

[3] Plaintiff brings a claim for false arrest in Count V.

Plaintiff's remaining claims are Counts I–V and VIII.  As noted earlier, Plaintiff attempts to name new defendants in the Second Amended Complaint. Even assuming that these defendants are properly named,[4] the amendment fails to specify which count is brought against which defendant.  Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to make "a short and plain statement of the claim" to relief, Fed. R. Civ. P. 8(a)(2), serves the purpose of giving a "'defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint that does not specify which count is brought against which defendant does not provide that notice.  This pleading deficiency is also characteristic of shotgun pleadings, which have the "unifying characteristic" of "fail[ing] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015); see also id.

---

[4] Plaintiff does not, for example, identify by name or with any detail the deputies involved in the incident giving rise to the lawsuit.  See Smith v. Comcast Corp., 786 F. App'x 935, 939 (11th Cir. 2019) ("Our caselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed.").  However, the Court acknowledges that "a claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery," especially when the plaintiff is proceeding *pro se*. Bowens v. Superintendent of Mia. S. Beach Police Dep't, 557 F. App'x 857, 862 (11th Cir. 2014).

(describing one category of shotgun pleadings as those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").  And although Plaintiff is proceeding *pro se*, he must still comply with the Federal Rules of Civil Procedure.  See, e.g., Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019) (affirming the district court's dismissal of a *pro se* litigant's complaint for failure to state a claim because the complaint fell "squarely" within the description of a shotgun pleading and thus did not comply with Rule 8); Williams v. United States, No. 4:19-CV-1696, 2021 WL 1164442, at *4 (N.D. Ala. Mar. 26, 2021) (dismissing a *pro se* plaintiff's amended complaint as a shotgun pleading).  Plaintiff's remaining claims (Counts I–V and VIII) would thus be subject to dismissal for failure to comply with Rule 8.  Having construed the Second Amended Complaint as if it contained a motion to amend, the Court finds that amendment would be futile because the Second Amended Complaint would be subject to dismissal in its entirety.

Before dismissing this case with prejudice and because Plaintiff has not given any indication that he does not wish to amend his Complaint, the Court will grant Plaintiff a final opportunity to amend.  At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1)    The amended complaint must contain a background section stating the facts relevant to all claims.  The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological).  The facts section should not contain facts that are not relevant to the claims.

2)    Plaintiff must allege each cause of action, clearly identified as such, under a separate count.  Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts, including dates, that he believes entitle him to relief.  In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action.  This factual support must include the manner in which Defendant's alleged conduct is related to each cause of action.

3)    The amended complaint shall not include any claims previously dismissed on futility grounds (e.g., Counts VI and VII and Counts IX–XIII).

4)    Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

Plaintiff is notified that the amended complaint will supersede all previous pleadings.  The Court will not read the pleadings in tandem.  In short, Plaintiff must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

The Motion to Dismiss the First Amended Complaint [Doc. 5] is **GRANTED**.  The First Amended Complaint [Doc. 2] is **DISMISSED**.  The

Motion to Dismiss the Second Amended Complaint [Doc. 17] is **GRANTED**.  The

Second Amended Complaint [Doc. 8] is **DISMISSED WITHOUT PREJUDICE**.

All other pending motions, [Doc. 10]; [Doc. 13]; [Doc. 18]; [Doc. 22], are

**DENIED AS MOOT**.

      Plaintiff may amend his complaint a final time to adequately plead a specific

claim or claims within twenty-one days of the date of this Order.  Plaintiff is

notified that the failure to submit an amended complaint within the twenty-one-day

time period will result in dismissal of the entire action with prejudice.  The Clerk is

**DIRECTED** to resubmit this matter in the event that an amended complaint is not

filed.

      **SO ORDERED** this 13th day of February, 2023.

J. P. BOULEE
United States District Judge